# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
   **Plaintiff,**

 v.               Case No. 09-CR-10

**GERALD MOORE**
   **Defendant.**

## ORDER

  I sentenced defendant Gerald Moore to 84 months in prison, followed by 3 years of supervised release, and $972 restitution on his guilty plea to accessory after the fact to an armed bank robbery. After assessing his ability to pay, I set a schedule requiring defendant to make restitution payments of not less than $50/month on his release from prison. I further indicated that, while imprisoned, defendant "may" participate in the Inmate Financial Responsibility Program ("IFRP") as a means of paying. See United States v. Boyd, 608 F.3d 331, 334-35 (7th Cir.) (noting that participation in the IFRP is voluntary, although inmates who decline to participate may lose certain privileges), cert. denied, 131 S. Ct. 647 (2010); United States v. Sawyer, 521 F.3d 792, 795-96 (7th Cir. 2008) (holding that the district court's payment schedule should not begin until after the defendant's release from prison, and that payments until release should be handled through the IFRP rather than the court's auspices).

  Defendant took no appeal but later filed a motion under 18 U.S.C. § 3664(k) to set aside restitution or, in the alternative, stay the obligation to pay until his release from prison. In the motion, he indicated that when I considered his ability to pay I did not specify that "payments were to be made from payments [he] would receive from his disability." (Motion [R. 64] at 1.)

He further indicated that the Bureau of Prisons ("BOP") imposed a payment schedule of $80/month, which he could not afford, and that because of his age and poor health he is prohibited from engaging in any prison work program. He stated that because of his deteriorating health he is not likely to live out his sentence. He attached to his motion a BOP "Medical Duty Status" form setting forth his limitations and restrictions. The government responded that it objects to the request to set aside restitution but takes no position on the request to stay payment until release. (R. 66) In a later submission, defendant provided an updated "Medical Duty Status" form. (R. 68.)

As is relevant here, 18 U.S.C. § 3664(k) provides that, on notification of a material change in the defendant's economic circumstances, the court may adjust a restitution payment schedule or require immediate payment in full, as the interests of justice require. However, this statute provides no authority to rescind a restitution order. United States v. Peterson, No. 04-CR-216, 2010 WL 1286927, at *1 (E.D. Wis. Mar. 30, 2010) (citing United States v. Baird, No. 3:03-CR-91, 2009 WL 5170198, at *3 (E.D. Tenn. Dec.17, 2009) (collecting cases)); see also United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003). Therefore, defendant's request to set aside restitution must be dismissed for lack of jurisdiction.

Some courts have found that § 3664(k) permits a post-judgment order deferring payment during the period of confinement upon a showing of changed economic circumstances. See, e.g., United States v. Iles, No. 01 CR 852-6, 2004 WL 1794477, at *2 (N.D. Ill. Aug. 5, 2004); United States v. Bowles, No. 98 CR 1281, 2003 WL 21396691, at *1-2 (S.D.N.Y. June 16, 2003); but see United States v. Bradford, No. 09-CR-30166, 2011 WL 971719, at *2 (S.D. Ill. Mar. 17, 2011) (holding that the district court lacks jurisdiction to halt or defer IFRP payments via amendment of the judgment). However, defendant fails to make a

2

sufficient showing here. His Medical Duty Status forms list certain restrictions, but they do not state that he is totally disabled. Defendant provides no additional information on his financial situation; he does not explain what he means by "payments defendant would receive from his disability"; nor does he explain why he cannot afford the amount specified by the BOP. Finally, he does not indicate whether he has sought relief through the BOP.

Sawyer counsels against interfering with the IFRP schedule, as the BOP is in the best position to determine an inmate's ability to pay during service of his prison sentence. A prisoner dissatisfied with the BOP's decisions may appeal internally, see 28 C.F.R. § 545.11(d), or seek judicial review of the BOP's final decision under the Administrative Procedure Act, see 5 U.S.C. § 702. See United States v. Rivera, No. 00-CR-247, 2008 WL 3926440, at *1 (E.D. Wis. Aug. 21, 2008); see also United States v. Coffee, No. 1:08-CR-49, 2010 WL 148308, at *3 (N.D. Ind. Jan. 13, 2010) (noting that during the period of incarceration the "Bureau of Prisons is in charge of how much of Coffee's funds will be redirected to satisfy the restitution order and Coffee's remedy to complain about this is confined (at least for the time being) to an administrative proceeding within the BOP").

**THEREFORE, IT IS ORDERED** that defendant's motion (R. 64) is **DISMISSED** to the extent it seeks to set aside the restitution order, and **DENIED** to the extent it seeks modification of the payment schedule.

Dated at Milwaukee, Wisconsin, this 12th day of June, 2012.

/s Lynn Adelman
_____
LYNN ADELMAN
District Judge

3